# EXHIBIT A

**U.S. Department of Labor**

Occupational Safety & Health Administration
Philadelphia Regional Office
1835 Market Street
Mailstop OSHA-RO/19
Philadelphia, PA 19103-2968
Telephone: (215) 861-4900
Fax: (215) 861-4904

July 1, 2025

Brittany Baker
[redacted]

*Sent via email:* [redacted]gmail.com
[redacted]strokoffandcowden.com

Re: Horizon Federal Credit Union/Baker/301055479

Dear Brittany Baker:

This letter acknowledges receipt of your whistleblower retaliation complaint filed under Consumer Financial Protection Act of 2010 (CFPA), Section 1057 of the Dodd-Frank Wall Street Reform and Consumer Protection Act of 2010, 12 U.S.C. §5567 and the Corporate and Criminal Fraud Accountability Act of 2002, Title VIII of the Sarbanes-Oxley Act, 18 U.S.C. §1514A, which was filed on June 11, 2025, against Horizon Federal Credit Union (Respondent).

The Occupational Safety and Health Administration (OSHA) is responsible for enforcing the whistleblower provisions of the CFPA and SOX, and will conduct its investigation following the procedures outlined in 29 CFR Part 1985 and 29 CFR Part 1980. You may obtain a copy of the pertinent statute and regulations at: http://www.whistleblowers.gov. Upon request, a printed copy of these materials will be mailed to you.

Under these procedures, OSHA will disclose to the parties information relevant to the resolution of the case as well as provide all parties an opportunity to fully respond. As such, both you and Respondent will receive a copy of each other's submissions to OSHA that are responsive to the above referenced whistleblower complaint. We have notified Respondent of the filing of this complaint and provided Respondent with a copy.

***We request that any future documents you submit to OSHA be submitted electronically to the investigator's email address of*** [redacted]***dol.gov . Please be advised, when submitting your response and additional documentation, the preferred format for doing so is .pdf, utilizing the bookmaking procedure to properly identify each exhibit/document within your submission. Additionally, we request that whatever you submit to OSHA, you also send a copy to Respondent at the address below:***

Horizon Federal Credit Union
330 Pine Street
Williamsport, PA 17701

If the information provided contains personal, identifiable information about individuals other than you, such information, where appropriate, will be redacted before disclosure. OSHA may contact the party directly for the un-redacted copy, if necessary.

Attention is called to your right and the right of any party to be represented by counsel or other representative in this matter. In the event you choose to have a representative appear on your behalf, please have your representative complete the Designation of Representative form enclosed and forward it promptly.

Please note, unlike EEOC charges, under 11(c), AHERA and ISCA provide no private cause of action for the employee and therefore attorney fees are not reimbursable by the respondent; only OSHA can pursue an action in federal court.[1]

**The DOL/OSHA official identified below will serve as your initial point of contact in this matter. Please direct all initial communications and submissions to:**

**Point of Contact:**

Stephen Fitzgerald
Regional Investigator
USDOL – OSHA
Directorate of Whistleblower Protection Programs
Stabler Corporate Center
3477 Corporate Parkway, Suite 120
Center Valley, PA 18034
Office: 267-429-7568
Mobile: 267-642-8393
Email Address: [redacted]dol.gov

In the interim, please save any evidence bearing on the complaint, such as notes, minutes, letters, or check stubs, etc., and have them ready when the investigator meets with you. It will be helpful for you to write down a brief factual account of what happened and to prepare a list of the names, addresses, and telephone numbers of the potential witnesses, together with a brief summary of what each witness should know.

You are expected to cooperate in the investigation of your complaint and failure to do so may cause your complaint to be dismissed. Voluntary adjustment of complaints can be effected by way of a settlement agreement at any time. Voluntary adjustment of complaints can be effected by way of a voluntary settlement agreement at any time. In addition, informal Alternative Dispute Resolution (ADR) sessions can be requested. (See Attachments)

---

[1] Complaints filed under STAA, FRSA, NTSSA, CPSIA, ACA, SPA,CFPA, FSMA and Map21, permits a Complainant to bring their claim in district court if the Department of Labor has not reached a final decision on the claim within 210 days of the filing of the complaint with OSHA and the delay is not due to the bad faith of the Complainant. Complaints filed under ERA permits a Complainant to bring their claim in district court if the Department of Labor has not reached a final decision on the claim within 365 days of the filing of the complaint with OSHA and the delay is not due to the bad faith of the Complainant. Complaints filed under SOX, permits a Complainant to bring their claim in district court if the Department of Labor has not reached a final decision on the claim within 180 days of the filing of the complaint with OSHA and the delay is not due to the bad faith of the Complainant. Recovery of attorney fees is permissible.

In addition you have the right to request that OSHA end its investigation through its Expedited Case Processing (ECP) procedure to allow the case to proceed to an Administrative Law Judge (ALJ) more quickly under certain statutes.[2] For more information see OSHA Whistleblower Investigations Manual at https://www.whistleblowers.gov/policy/directives.

Sincerely,

*Stephen Fitzgerald*, for;

Ryan Fencik.
Acting Assistant Regional Administrator
Whistleblower Protection Program
Philadelphia Region

Enclosures: (1) Designation of Representative
(2) Copy of Complaint
(3) ADR Fact Sheet & ADR Form
(4) Job Search Log

---

[2] Surface Transportation Assistance Act (STAA), 49 U.S.C. §31105, Clean Air Act (CAA), 42 U.S.C. §7622; Comprehensive Environmental Response, Compensation and Liability Act;(CERCLA), 42 U.S.C. §9610; Federal Water Pollution Control Act (FWPCA), 33 U.S.C. §1367; Safe Drinking Water Act (SDWA), 42 U.S.C. §300j-9(i); Solid Waste Disposal Act (SWDA), 42 U.S.C. §6971;Toxic Substances Control Act (TSCA), 15 U.S.C. §2622; Energy Reorganization Act (ERA), 42 U.S.C. §585 1; Wendell H. Ford Aviation Investment and Reform Act for the 21st Century (AIR21), 49 U.S.C. §42121; Pipeline Safety Improvement Act (PSIA), 49 U.S.C. §60129; Sarbanes-Oxley Act (SOX), 18 U.S.C. §1514A; Federal Railroad Safety Act (FRSA), 49 U.S.C. §20109; National Transit Systems Security Act (NTSSA), 6 U.S.C. §1142; Consumer Product Safety Improvement Act (CPSIA), 15 U.S.C. §2087; Section 1558 of the Affordable Care Act (ACA), 29 U.S.C. §218C; Seaman's Protection Act (SPA), 46 U.S.C. §2114; Consumer Financial Protection Act (CFPA), 12 U.S.C. §5567; FDA Food Safety Modernization Act (FSMA), 21 U.S.C. §399d; Moving Ahead for Progress in the 21st Century Act (MAP-21), 49 U.S.C. §30171; Taxpayer First Act, 26 U.S.C. §7623(d); Criminal Antitrust Anti-Retaliation Act (CAARA), 15 U.S.C. § 7a-3 and Anti-Money Laundering Act (AMLA), 31 U.S.C. § (g) & (j). Cases under Section 11 ( c) ofthe Occupational Safety and Health Act (Section 11 ( c) ), 29 U.S.C. §660(c), the Asbestos Hazard Emergency Response Act (AHERA), 15 U.S.C.§265 1, and the International Sate Container Act (ISCA), 46 U.S.C. §80507, are not included.

# DESIGNATION of REPRESENTATIVE FORM

**PLEASE COMPLETE THE INFORMATION IN THE BOXES BELOW. USE BLUE OR BLACK INK. RETURN THIS FORM TO OSHA AS SOON AS POSSIBLE.**

**RE**: Horizon Federal Credit Union/Baker/301055479

**The designated representative named below will represent the party named below in this matter. Generally, OSHA will communicate with and send any correspondence to the designated representative. Additionally, the designated representative agrees to accept service of any subpoena on behalf of the party.**

| Party's Name (Type or print in the box below) | Representative's Name (Type or print in the box below) |
|---|---|
| | |
| **Signature (Sign below)** | **Street Address or P.O. Box (Type or print in the box below)** |
| | |
| **Date (Type or print in the box below)** | **City, State, ZIP (Type or print in the box below)** |
| | |
| **Telephone (Type or print in the box below)** | **FAX (Type or print in the box below)** |
| | |
| **E-mail Address (Type or print in the box below)** | |
| | |

**What to expect during an OSHA Whistleblower Investigation**

*General Points*

- In an OSHA whistleblower investigation, the employee who files the complaint is referred to as the "Complainant," and the employer, against whom the complaint is filed, is referred to as the "Respondent." Neither side is required to retain an attorney, but if a party designates a representative, the designee will serve as the point of contact with OSHA.
- It is imperative for the Complainant or his or her representative to provide OSHA with current contact information. Failure to do so may cause OSHA to conclude the investigation.
- OSHA will interview the Complainant to obtain information about the alleged retaliation, and will determine whether the allegation is sufficient to initiate an investigation under one or more of the twenty-two whistleblower protection statutes administered by OSHA. Regardless of the statute under which the complaint is filed, the conduct of the investigation is generally the same.

*Investigative Process*

- If the allegation is sufficient to proceed with an investigation, the complaint will be assigned to an OSHA whistleblower Investigator who is a neutral fact-finder who does not represent either party. The investigator will notify the Complainant, Respondent, and appropriate federal partner agency that OSHA has opened an investigation.
- The Complainant and the Respondent should keep any potential evidence regarding the circumstances of the allegations, including all pertinent emails, letters, notes, text messages, voicemails, phone logs, personnel files, contracts, work products, and meeting minutes.
- OSHA will request that both parties provide each other with a copy of all submissions they have made to OSHA related to the complaint. Both the Complainant and the Respondent should provide contact information for witnesses who could support or refute the alleged retaliation.
- OSHA will ask the Respondent to provide a written defense to the allegations, also known as a position statement. Both parties are expected to actively participate in the investigation and to respond to OSHA's requests, and both parties are given an opportunity to rebut the opposing party's position.
- Whistleblower investigations vary in length of time. The parties may settle the retaliation complaint at any point in the investigation with the assistance of the assigned investigator or through their own negotiated settlement that OSHA approves. Under certain statutes, the complainant may "kick out" and file the retaliation complaint in federal district court if OSHA does not complete its investigation within a specified time (180, 210 or 365 days depending on the statute).
- At the conclusion of the investigation, the Region will make a decision on the merits of the complaint and issue a findings letter to both parties, which will include information about remedies (if appropriate) and the right to object and have the case heard by an administrative law judge, except in cases under OSHA 11(c), AHERA, or ISCA.

**REQUEST TO PARTICIPATE IN THE OSHA ADR PROGRAM**

Re. Horizon Federal Credit Union/Baker/301055479

OSHA's ADR Program is a voluntary program that allows the parties to resolve a whistleblower retaliation complaint outside of the investigative process. In ADR, the parties attempt to negotiate a settlement with the help of a neutral OSHA facilitator who is not involved in the investigation of the complaint. While ADR is ongoing, the investigation will be put on hold.

Communications during ADR are kept confidential, to the extent permitted by law, except that the neutral OSHA facilitator may share ADR communications with Department of Labor (DOL) officials when it is necessary for administrative and supervisory purposes, or to seek legal or policy guidance on novel or complex questions that arise during the ADR proceeding. However, the neutral OSHA facilitator will not share ADR communications with any DOL official who will be involved in any further investigations or proceedings related to the whistleblower complaint if a settlement is not reached through ADR. Additionally, if a settlement is not reached through ADR, the parties may share any of their own communications made during the ADR proceeding with the OSHA Investigator.

If the parties decline to pursue ADR, or if they pursue ADR but fail to reach a settlement, the Investigator identified in the opening letter will proceed with an investigation. However, the parties, with or without the assistance of the Investigator, may still enter into a settlement agreement at any time during OSHA's investigation. Settlement agreements of whistleblower retaliation complaints reached through ADR or during OSHA's investigation must be submitted to OSHA for its review and approval prior to signing.

If you are interested in participating in the OSHA ADR Program, please complete and return this form to the Regional Whistleblower Investigator (RWI) or Regional Supervisor Investigator (RSI) identified in the notification letter. The RWI or RSI will facilitate referral of this complaint to the Regional Alternative Dispute Resolution Coordinator who serves as the Confidential Intermediary for the OSHA ADR Program.

_____ I am interested in participating in the OSHA ADR Program.

______________________________________________________________

Signature Date

______________________________________________________________

Print Name Daytime Phone Number Email

## Alternative Dispute Resolution (ADR) Frequently Asked Questions

***What is the ADR program?***
ADR is a voluntary program that allows the parties to resolve a whistleblower retaliation complaint outside of the investigative process. The parties attempt to negotiate a settlement with the help of a neutral facilitator who is not involved in the investigation of the complaint.

***What are the benefits of ADR?***
ADR allows the parties to reach a certain and final resolution of the complaint on their own terms rather than by Agency Dismissal, Merit Finding or recommendation for litigation in Federal District Court. Successful ADR processes avoid potentially time-consuming, resource-intensive investigations and appeals to achieve prompt resolution of complaints. ADR may also allow the parties to repair the relationship or part ways on a professional basis.

***Is ADR Confidential?***
Yes. Communications during ADR are kept confidential by law, to the extent permitted by law, and are not disclosed to anyone without the mutual consent of the parties. If the complaint is not resolved during ADR, the materials developed in ADR remain confidential and neither party may share any information disclosed during ADR with the assigned Investigator. All ADR case files are maintained electronically in a separate file system with access only available to the Regional ADR Coordinator and the Assistant Regional Administrator for Whistleblower Programs.

***What happens to the investigation during ADR?***
When a complaint is accepted into the ADR process, the investigation will be put on hold pending the outcome of the process.

***Does attempting ADR delay the investigation?***
Not necessarily. In most cases an investigation does not begin immediately whether or not the parties pursue ADR.

***How do I sign up for ADR?***
If you would like to pursue ADR, please complete the attached Request for ADR form and return to the assigned Investigator or Regional Supervisory Investigator identified in the Notification letter within 10 days of receipt to facilitate case processing. Requests made after 10 days will still be processed for possible approval.

***How much does ADR cost?***
There is no charge to participate in OSHA's ADR Program.

***What happens if I want to pursue ADR but the other party does not agree?***
ADR is voluntary. All parties must agree to participate. If either party does not wish to participate, OSHA will proceed with an investigation.

***What happens if both parties ask for ADR?***
If both parties request ADR, the ADR Coordinator will provide contact each party separately to establish initial expectations and answer questions and will provide them a letter acknowledging the acceptance into the ADR process. The ADR Coordinator facilitates the ADR process through calls, email, conferences and mediation. If the parties reach a settlement during the ADR process, the Coordinator will either draft or review a proposed settlement agreement following the procedures outlined in the Whistleblower Investigations Manual (WIM) available at https://www.whistleblowers.gov.

***Who is the ADR Coordinator?***
The Regional Alternative Dispute Resolution Coordinator (ADRC) is a confidential intermediary, who is separate from the Whistleblower Protection Investigative Program. The ADRC is a Whistleblower Protection Programs subject matter expert with training, knowledge, skills and abilities in Whistleblower Protection and facilitating resolution of disputes.

***What happens if ADR fails to produce an agreement?***
If the parties fail to reach a settlement during ADR, the complaint will be referred for investigation. If the ADRC determines that the negotiations are unlikely to result in an agreement, will notify the parties in advance of returning the complaint for investigation.

***Is settlement possible outside ADR?***
Yes. The parties may enter into a settlement agreement at any time during the course of the investigation, but before they are signed, all settlements must be reviewed and approved by OSHA before the case can be closed.

***How can I learn more about OSHA's ADR program?***
Please contact the assigned Investigator or Regional Supervisory Investigator identified in your Notification letter. Further information about the ADR process can be found here: https://www.whistleblowers.gov/alternative-dispute and information about the process of settling a whistleblower case can be found here: https://www.whistleblowers.gov/settling-a-case.

**RE: Horizon Federal Credit Union/Baker/301055479**

As part of the investigation of your complaint, please complete the information below, and return to OSHA upon request. To qualify for full back wages, if the investigation finds merit to your complaint, you must show that you have applied for comparable or similar jobs soon after your employment was terminated. If your employment was not terminated, you do not need to maintain this log.

**If you are hired by another company, please indicate that as well. Thank you.**

**Date Hired: __________Pay Rate: $________/________ Avg. # of Hours/Week: _______**

| Contact Date | Company Name & Address | Phone | Contact Name | Result |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

**U.S. Department of Labor – Occupational Safety and Health Administration**

**Whistleblower Case Activity Worksheet**

| Filed Date | Case # | Local Case # | Investigator |
|---|---|---|---|
| 06-11-2025 | 301055479 | | Stephen Fitzgerald |

**Complainant Information**

| | | | |
|---|---|---|---|
| Complainant Name | Brittany Baker | | |
| Primary Address | [redacted] | Mailing Address | [redacted] |
| Phone | (570) [redacted] | E-mail | [redacted]gmail.com |

| | | | |
|---|---|---|---|
| Designated Rep | JenniferNachamkin | Organization | Strokoff and Cowen |
| Primary Address | 224 Pine St<br>Harrisburg, PA 17101 | Mailing Address | |
| Phone | (717) 695-8809 | E-mail | [redacted]strokoffandcowden.c<br>om |

**Respondent Information**

| | | | |
|---|---|---|---|
| Respondent Name | Horizon Federal Credit Union | DBA | |
| Primary Address | 330 Pine St<br>Williamsport, PA 17701 | Mailing Address | 330 Pine St<br>Williamsport, PA 17701 |
| Phone | (570) 326-3636 | E-mail | hr@horizonfcu.org |

**Complaint Allegation**

| | |
|---|---|
| Statute | SOX |
| Allegation Summary | |

Since December 12, 2024 up to her termination, Complainant alleges she notified multiple executive level Respondents via email of potential SOX violations. Complainant alleges Respondent provides services to publicly traded companies. Complainant alleges she engaged in protected activities.

Sometime in April, 2025, Complainant alleges Respondent offered her the choice to resign or reassigned to a less desirable or resignation.

On or about June 11, Complainant was terminated.

Complainant alleges she was offered the option to resign or be reassigned to a less desirable position, and terminated for engaging in protected activities.

| | |
|---|---|
| Statute | CFPA |
| Allegation Summary | |

Since December 12, 2024 up to her termination, Complainant alleges she made weekly reports via email notifying multiple executive level Respondents of potential CFPA violations. The alleged violations pertain to:
- Regulation B - Equal Credit Opportunity
- Regulation C - Home Mortgage Disclosure
- Regulation G & H - S.A.F.E. Mortgage Licensing Act
- Regulation X - Real Estate Settlement Procedures Act
- Regulation V - Fair Credit Reporting
- Regulation Z - Truth in Lending , Complainant alleges she engaged in protected activities.

Sometime in April 2025, Complainant alleges Respondent offered her the choice to resign or be reassigned to a less desirable position.

On or about June 11, Complainant was terminated.

Complainant alleges she was offered the option to resign or be reassigned to a less desirable position and terminated for engaging in protected activities.

I certify that the complaint was filed.

| Signature | Title | Date |
|---|---|---|
| Stephen Fitzgerald | Regional Investigator | July 1, 2025 |