# EXHIBIT B

| Date | Document Evidence Link 1 | Document Evidence Link 2 | Document Evidence Link 3 | Document Evidence Link 4 | Document Evidence Link 5 | Report of Wrongdoing/Non-Compliance and Adverse Action/Responses | Report/Response By | Report Given to/ Response Imposed | Implicated Law/Rule/Regulation of Compliance |
|---|---|---|---|---|---|---|---|---|---|
| 2024-12-23 | | | | | | * Loan disbursal without federally required documentation or internal approvals, violates NCUA lending policy and basic safety and soundness principles. Items 1 & 2.<br>* FCRA violations: Branch and call center staff initiated unauthorized credit inquiries without a permissible purpose exposing the CU to civil liability and inaccurate credit reporting. Item 5 and 6.<br>* Failure to maintain sales log for cash for purchase of monetary instruments. Item 3 | CLO - COMPLAINANT | CEO, CEO | BSA, TILA, Reg Z, FCRA |
| 2024-12-26 | | | | | | FCRA violations: Branch and call center staff initiated unauthorized credit inquiries without a permissible purpose exposing the CU to civil liability | CLO - COMPLAINANT | CXO, CLM, CFIO, and CEO | FCRA |
| 2024-12-31 | | | | | | Systemic Regulation B violations, CU failed to issue required adverse action or approval notices within the 30-day federally mandated deadline on multiple applications by lenders within the CXO's chain of command. | CLO - COMPLAINANT | CEO | Regulation B |
| 2025-01-06 | | | | | | Regulation B violation: Failure to submit loan in a timely manner after multiple corrective requests to CXO | CLO - COMPLAINANT, CLM | CXO, CEO | Regulation B |
| 2025-01-06 | | | | | | FRCA violation:1- Loan delinquencies due to errors from branches within the CXO's chain of command.<br>FRCA violation:- Improper loan modifications arising at branches within the CXO's chain of command. | CLO - COMPLAINANT, CLM | CXO, CEO | FCRA |
| 2025-01-28 | | | | | | 1- Widespread PCI DSS breaches<br>2- Failure to obtain required consent for call recording - at least 4,800 calls recorded without consent or notice. | CLO - COMPLAINANT | CEO | PCI DSS, GLBA, FTC's UDAAP, PA Wiretapping, New York Shield Act |
| 2025-01-30 | | | | | | ECOA/Regulation B Violation: Member unlawfully discouraged from submitting an application. | CLO - COMPLAINANT | CXO | Regulation B, Fair Lending |
| 2025-02-01 | | | | | | 1- Unlawful use of credit inquiries (they had decreased but were still occurring).<br>2- Loan decision communication was still not occurring within the proper 30-day federally mandated requirements. | CLO - COMPLAINANT | CBO/HR, CEO, CXO, CFIO | Regulation B, FCRA |
| 2025-02-01 | | | | | | Unlawful use of credit inquiries by branch staff and by CXO | CLO - COMPLAINANT | CXO, CEO | FCRA |
| 2025-02-04 | | | | | | Continued failure to meet Compliance targets:<br>1- Failure to publish/implement a written policy and procedure for call recording as discussed in 08-23-2023 and 04-24-2024 Leadership Meetings.<br>2- CXO falsely affirmed training for dual consent requirements had been completed for the Lock Haven branch and with the Member Engagement (call center) teams. (Later uncovered that the training had not happened and the statement to not have been done)<br>3- PCI DSS non-compliance issues were resulted in a failure to protect/mask of credit card numbers in call recording.<br>4- Failure to obtain dual consent for every call in or out, even internally.<br>5- Member PII data was not being scrubbed or masked from call recording.<br><br>CFIO, stated he would draft both policy and procedure to cover all of these issues and present them to CEO, for review and approval. Senior Leadership knowingly failed to implement call masking, PCI, and dual consent compliance discussed in multiple executive meetings and advocated for by CFIO, and CLO - COMPLAINANT. Non-compliance persisted through the time of CLO- COMPLAINANT's termination | CLO - COMPLAINANT, CFIO | CBO/HR, CEO, CXO | PCI DSS, GLBA, FTC's UDAAP, PA Wiretapping, New York Shield Act |
| 2025-02-04 | | | | | | Failure to provide 800-number for disclosures of non-in-person loan signings | CLO - COMPLAINANT | CBO/HR, CEO, CXO, CFIO | DoD, MLA |
| 2025-02-05 | | | | | | CXO failing to follow established building security procedures leaving the corporate building unsecure/arming building with employee inside | CLO - COMPLAINANT | CBO/HR, CEO, CXO, CFIO | NCUA Part 748, GLBA |
| 2025-02-07 | | | | | | NCUA violation: One of the CU's Board members was not a member as required | CLO - COMPLAINANT | CEO, CFIO | FRCA, NCUA 701.4 |
| 2025-02-11 | | | | | | 1-CXO failed to follow internal loan procedures<br>2-CXO failed to confirm loan terms with applicant | CLO - COMPLAINANT | CEO | Internal Processes, TILA, Reg Z, UDAAP |
| 2025-02-21 | | | | | | Regulation B violation: failure to follow up and close loan, causing delinquency | CLO - COMPLAINANT | CEO | UDAAP, Duty of Care, ECOA, FCRA |
| 2025-02-25 | | | | | | 1- PCI Compliance causing concerns related to using one debt to repay another<br>2- Card Act/Reg Z violations for failing to disclose the potential for higher rates associated with using a cash advance to pay existing debt | CLO - COMPLAINANT | CBO/HR, CEO, CXO, CFIO | Credit Card Act, Reg Z, TILA, NCUA Unsafe and Sound Practices |
| 2025-02-25 | | | | | | Refusing to implement secure methods of document collection for account and loan disbursals. The method suggested by CEO was likely to result in multiple violations of record retention. Violation of Record Retention obligations: CXO Failed to collect and retain the proper documents. | CLO - COMPLAINANT | CEO, Michael Burns CFIO, Jordan Isenberg, AM | NCUA AIRIES Examination Retention |
| 2025-02-26 | | | | | | Failure to provide "What You Should Know" brochure at time of application for HELOC | CLO - COMPLAINANT | CEO, CXO | TILA, Reg Z |
| 2025-03-03 | | | | | | 1. CLO - COMPLAINANT reiterates and re-reports numerous ongoing, uncorrected, recurring issues of non-compliance, the risks associated with HFCU and the CEO failing to address them, and the potential outcome of an audit/investigation conducted by a regulatory agency. CLO- COMPLAINANT advises that she is no longer willing to put her neck on the line.<br><br>2- CEO responds with dismissive statements, such as: " We have not had findings for them [violations] yet," and, " If examiners have not caught them, we will only get our hands slapped," and, "Everyone has violations." CEO verbally tells CLO-COMPLAINANT that she is issuing an ultimatum - he did not like ultimatums and she should go back to work for her previous position as a CEO in her own right where she could be in control. He offered to provide a letter of recommendation "if that was what she wanted."<br><br>3- CLO -COMPLAINANT responded that not what she wanted, she was not looking to leave; rather, she was no longer willing to accept the risks associated with CEO's lack of support to correct compliance violations. CLO - COMPLAINANT, further advised that she was not willing to continue to be complicit in supporting the violations the CEO was downplaying, dismissing and/or ignoring.<br><br>DOCUMENT/ENCOUNTER CONTAINS EXPLICIT AND DIRECT STATEMENTS OF PROTECTED ACTIVITY | CLO - COMPLAINANT | CEO | SOX, Whistleblower Protection Act, NCUA Safe and Sound Practices, Dodd-Frank, TILA, Reg Z, Loan Fraud<br>CLO believes this was the tipping point |
| 2025-03-03 | | | | | | TRID violation: CXO failed to complete and submit loans. | CLO - COMPLAINANT | CEO | TILA, RESPA |
| 2025-03-07 | | | | | | CLO- COMPLAINANT takes notes during her 1-ON-1 Meetings with the CEO. He reviews them, edits them, and sends them back. His additions appear green, and his deletions appear as strikethroughs. All other language is adopted/agreeable as written. Notable passages are as follows:<br><br>1. CEO describes a new organizational structure he has been thinking about to merge and eliminate the CLO and the CXO positions. He advises CLO-COMPLAINANT that she is not suited to remain in senior management. Instead he suggests that she seek a CEO role elsewhere - offering to write a letter of recommendation. (SEE DOCUMENT 29 HIGHLIGHTS, pp. 3-4).<br><br>2. CEO said, "if he does not make these changes removing both Denise (CXO) and myself (CLO- COMPLAINANT) from C level positions it will take the credit union down and he needs to consider all the other employees." | CEO | CLO- COMPLAINANT | |
| 2025-03-12 | | | | | | Continued non-compliant behavior by or under the direction of the CXO: 1- Lender had no NMLS issued until 3/31<br>2- Discouraging applications or application types<br>3- HELOC applications not given the "What You Should Know" brochure immediately, | CLO - COMPLAINANT | CEO, CXO | TILA, Reg Z, Safe Act, ECOA |
| 2025-03-17 | | | | | | TRID violation: CXO failed to complete and submit loans. | CLO - COMPLAINANT | CEO | TILA, RESPA |
| 2025-03-18 | | | | | | Violation: CXO used an unencrypted personal Gmail account to transmit member PII, including names and account numbers. | CLO - COMPLAINANT | CFIO, and then further to CEO | GLBA, FTC Safeguard Act, NCUA Part 748 |
| 2025-03-20 | | | | | | At 8:37am, CLO- COMPLAINANT submits a report to the FTC relevant to the above reported compromised PII transmitted via unsecured email. (Report No 185192465) | CLO - COMPLAINANT | FTC | |
| 2025-03-20 | | | | | | At 9:01am, CEO, conveys written "options" for post-conversion and post reorganization: Options were to take a demotion to a new, undefined role; take a severance package in exchange for signed release of claims; or voluntary separation. | CEO | CLO - COMPLAINANT | |
| 2025-04-02 | | | | | | CLO - COMPLAINANT, formally expressed interest in exploring additional options related to restructuring as referenced in the CEO's "option" letter of 3-20-2025. | CLO - COMPLAINANT | CEO | |
| 2025-04-03 | | | | | | EML capturing conversation pertaining to the demotion from senior level management. CLO- COMPLAINANT stated her perception that the CEO's demotion decision was retaliation "due to excessive and pervasive issues related to compliance…" | CLO - COMPLAINANT | CEO | |

**LEGEND**

Reports of Wrongdoing and Non-Compliance (made by Brittany Baker) [green]

Adverse Action/Responses (imposed by Horizon) [pink]

**Executive Leadership**

CEO: Justin Howard
CLO: Brittany Baker (Complainant)
CXO: Denise Lariviere
CFIO: Michael Burns
CBO/HR: Michael Patterson

*See ALSO* the "Individuals" Tab

| | | | | | |
|---|---|---|---|---|---|
| 2025-04-02 | 1- CLO - COMPLAINANT, expressed TRID concerns with core conversion application handling proposal by CEO<br>2- CLO - COMPLAINANT, expressed HMDA concerns with core conversion application handling proposal by CEO | **CLO - COMPLAINANT** | CLM, CEO | TILA, RESPA, HMDA, Fair Lending, ECOA | |
| 2025-04-07 | EML traffic between CEO and CLO- COMPLAINANT (Documents 44 and 42):<br><br>1- CEO offers reasoning for the demotion: "inability to maintain a professional and productive relationship" between CLO-COMPLAINANT and CXO.<br>(The CXO's actions and inactions were repeatedly implicated in CLO-COMPLAINANT's numerous reports of compliance violations – see documents dated 12/23/24 – 3/3/2025).<br><br>2- CEO denies that COMPLAINANT's reports of non-compliance were related to the decision.<br>(Ignoring the obvious: CLO-COMPLAINANT's numerous/repeated reports implicating the CXO's wrongdoing would be the source of significant strain in their professional relationship).<br><br>3- CEO implies that HFCU engaged a consultant during the relevant timeframe to try to improve team building ,and those efforts were unsuccessful.<br>(See Document 85 – indicating that the consultant was actually engaged two years ago in 2023 – not recent, not relevant and predates CLO-COMPLAINANT's POSITION 1/1/2024).<br><br>4. CEO claims that the recent NCUA audit report evidences "successes" in compliance efforts – Essentially – denying the existence of compliance issues and disregarding CLO-COMPLAINANT's reports of non-compliance and CLO-COMPLAINANT's role in facilitating the corrections. | CEO | CLO - COMPLAINANT | Pretextual Reasoning | |
| 2025-04-07 | CLO - COMPLAINANT, filed EEOC complaint | **CLO - COMPLAINANT** | EEOC | | |
| 2025-04-07 | CLO - COMPLAINANT, filed PHRC complaint | **CLO - COMPLAINANT** | PHRC | | |
| 2025-04-07 | HR provides CLO- COMPLAINANT's previous performance evaluations - all satisfactory or better | Jody Frantz, HR | CLO - COMPLAINANT, CEO, CBO/HR | | |
| 2025-04-08 | Wrongful disbursement of funds to an unauthorized individual | **CLO - COMPLAINANT** | CEO | SSA POMS GN, Fiduciary Common Law, UDAAP | |
| 2025-04-09 | 1- Rejection of offer to be demoted or voluntarily separate<br>2- Offer to negotiate a mutually beneficial role.<br>3- Reasserts connection between the CEO's desire to demote and the numerous reports of compliance violations | **CLO - COMPLAINANT** | CEO | | |
| 2025-04-21 | Letter to HFCU's counsel | **CLO - COMPLAINANT**, via Attorney | CEO, via Attorney | | |
| 2025-04-23 | EML traffic between attorneys: seeking confirmation that HFCU sought CLO-COMPLAINANT'S immediate decision to accept a demotion or separation in April that would not be effective until July 25.<br><br>HFCU Counsel confirms the decision is necessary because "Horizon wants to have Ms. Baker's future employment status resolved as soon as possible and before it begins with the senior management restructuring and posting of positions...."<br><br>(Meaning: CLO-COMPLAINANT should volunteer to voluntarily accept an adverse personnel action. This tactic would enable HFCU to deny that it imposed adverse personnel action in retaliation - i.e. if CLO-COMPLAINANT elects the demotion, then she could not later persuasively argue that HFCU took adverse personnel action against her, nor would HFCU need to produce any reasoning for the demotion/separation). | CEO, via Attorney | CLO - COMPLAINANT, via Attorney | Pretextual reasoning for discharge and/or necessity of restructure | |
| 2025-05-07 | Compliance concerns with core conversion- HMDA, Records Retention | **CLO - COMPLAINANT** | CEO, CFIO, CBO/HR | HMDA, NCUA Records Retention | |
| 2025-05-14 | Internal employee survey results withheld from everyone but the CEO. | **CLO - COMPLAINANT** | CEO, CFIO, CBO/HR | SOX Retaliation and Interference, Dodd-Frank obstruction of whistleblower channels, OSHA retaliation for protected activity | |
| 2025-05-14 | Employee evaluation was delayed past the deadline; previous evaluations had been received in a timely manner. | CEO | CLO - COMPLAINANT | Dodd-Frank Retaliation through Procedural Deviation | |
| 2025-05-14 | CLO - COMPLAINANT, filed FBI complaint pertaining to recording telephone calls without consent | **CLO - COMPLAINANT** | FBI | Title III Wiretap Act, PA Wiretapping Law | |
| 2025-05-14 | CLO - COMPLAINANT, filed FCC complaint pertaining to recording telephone calls without consent | **CLO - COMPLAINANT** | FCC | Title III Wiretap Act, PA Wiretapping Law | |
| 2025-05-14 | CLO - COMPLAINANT, filed a second FTC complaint | **CLO - COMPLAINANT** | FTC | Safeguard Act, GLBA | |
| 2025-05-15 | EML to NCUA seeking guidance | **CLO - COMPLAINANT** | Pamela Doll, NCUA Examiner | | |
| 2025-05-15 | CLO-COMPLAINANT submits application for Chief Relationship Officer position | **CLO - COMPLAINANT** | CEO | | |
| 2025-05-16 | CLO-COMPLAINANT filed NCUA Cyber Incident Report | **CLO - COMPLAINANT** | NCUA | NCUA Cyber Security Reporting Requirements | |
| 2025.-05-19 | NCUA responds via email - acknowledging receipt | | | | |
| 5/15/2025 - 5/19/2025 | EML traffic RE CLO- COMPLAINANT'S Employment, seeking Board intervention relating to the connection between her employment status and her complaints of non-compliance, unlawful activity . | **CLO - COMPLAINANT** | James Federl, Board Chairman, Pamela Doll, NCUA Examiner, Kyle Haley, NCUA Examiner | | |
| 2025-05-20 | <u>Violation</u>: Non-compliant mortgage document assessment (notarized without verifying a valid, unexpired photo ID) | **CLO - COMPLAINANT** | CEO, Dominique Rhine, Processor, Jade Bloodgood, Branch Manager | RULONA- Notary Act | |
| 2025-05-21 | CLO- COMPLAINANT receives negative performance evaluation (performance period ended 4/30/2025) | CEO | CLO - COMPLAINANT | | |
| Approximately 2025-05-22 | NCUA requests documentation to send to Eastern Region. Further advised CLO-COMPLAINANT to file formal complaint with Supervisory Committee | | | | |
| 2025-05-22 | CLO-COMPLAINANT submits Sworn Statement to NCUA | **CLO - COMPLAINANT** | NCUA | | |
| 2025-05-27 | Request for formal investigation into Regulatory Violations, Retaliation and Board-Level Risk Exposure | **CLO - COMPLAINANT** | Supervisory Committee | | |
| 2025-05-27 | NCUA scheduled an "off-cycle" exam for July 28, 2025 in response to complaint and partial evidence provided by CLO - COMPLAINANT. | NCUA | Supervisory Committee | | |
| 2025-05-30 | Statement and corroborative documents in rebuttal to the negative evaluation.<br>**DOCUMENT CONTAINS EXPLICIT STATEMENTS, DISCLOSURES AND A TIMELINE OF PROTECTED ACTIVITY** | **CLO - COMPLAINANT** | Supervisory Committee | | |
| 2025-05-30 | Statements and corroborative documents in rebuttal to the negative evaluation.<br>**DOCUMENT CONTAINS EXPLICIT STATEMENTS, DISCLOSURES, AND A TIMELINE OF PROTECTED ACTIVITY** | **CLO - COMPLAINANT** | CEO | | |
| 2025-05-30 | CEO acknowledges CLO's - COMPLAINANT's internal application . In the 1-on-1 meeting, CEO declined to consider CLO-COMPLAINANT for the newly created C-level position. | CEO | CLO - COMPLAINANT | | |
| 2025-05-31 | Updates provided to NCUA | **CLO - COMPLAINANT** | NCUA | | |
| 2025-06-09 | Submission of revised Governance Reform Plan | **CLO - COMPLAINANT** | Supervisory Committee | | |
| 2025-06-11 | Termination of CLO - COMPLAINANT Reasoning: elimination of position and failing to "select any of the options provided." | CEO | CLO - COMPLAINANT | | |
| 2025-06-11 | Litigation hold issued to credit union | **CLO - COMPLAINANT**, via Attorney | CEO, via Attorney | | |
| 2025-06-14 | Former NCUA and OCC Examiner/Consultant for Horizon. Reveals first hand accounts of pointing out non-compliance to the CEO, who immediately responded by disengaging and avoiding further communication. | Ancin Cooley, NCUA/OCC | CLO - COMPLAINANT | Breach of Fiduciary Duties, NCUA Unsafe and Sound Practices, SOX Failure of Internal Controls | COR ROB ORA TIVE EVID ENC E |

| Name | Organization | Title | tle Short Nan | Departments | Witness/Likely Testimony | Phone Number |
|---|---|---|---|---|---|---|
| **Brittany Baker** | FM- Horizon Federal Credit Union | Chief Lending Officer | CLO | Consumer, Commercial, Real Estate Lending, Collections | | |
| **Justin Howard** | Horizon Federal Credit Union | Chief Executive Officer | CEO | All | | |
| **Denise Lariviere** | FM- Horizon Federal Credit Union | Chief Experience Officer | CXO | Call Center (Member Engagement), Branch Network | | |
| **Michael Burns** | Horizon Federal Credit Union | Chief Financial and Information Office | CFIO | Accounting, Operations, Compliance, IT, Facilities | Witness: First hand knowledge of Senior Management and Leadership Meetings. First hand knowledge and additional details for potential wiretapping and email compromises | [redacted] |
| **Michael Patterson** | Horizon Federal Credit Union | Chief Branding Officer | CBO | HR, Marketing, Training | | |
| **Jordan Isenberg** | FM- Horizon Federal Credit Union | Accounting Manager | AM | Accounting | Witness: first hand knowledge/account of HFCU's non-compliance and CLO's reports | [redacted] |
| **Kristina Rotoli** | Horizon Federal Credit Union | Operational Support Manager | OSM | Operations, Compliance | Witness: first hand knowledge/account of HFCU's non-compliance and CLO's reports | [redacted] |
| **Stephanie Davies** | FM- Horizon Federal Credit Union | Human Resources Professional | HR | HR | Corroboration: first hand knowledge/accounts of CEO and CBO disregard for CXO actions and coverups of violations. | [redacted] |
| **Jody Frantz** | Horizon Federal Credit Union | Human Resources Professional | HR | HR | | |
| **Amanda Ferguson** | Horizon Federal Credit Union | Consumer Lending Manager | CLM | Consumer Lending, Underwriting | Witness: first hand knowledge/account of HFCU's non-compliance and CLO's reports | [redacted] |
| **Elizabeth Fink** | Horizon Federal Credit Union | Member Engagement Manager | MEM | Member Engagement (Call Center) | Witness: first hand knowledge/account of HFCU's non-compliance for wiretapping and when training was provided for dual consent and by whom | |
| **Ancin Cooley** | Synergy Consulting | Owner | | Former NCUA and OCC Examiner | Corroboration: first hand knowledge/accounts of CEO disregard for internal controls concerns raised. | |
| **Pamela Doll** | NCUA | Examiner | | Examiner | | |
| **Kyle Haley** | NCUA | Examiner | | Examiner | | |
| **James Fedele** | HFCU Board of Directors | Chairman | | Board of Directors | | |
| **Eric Ditillio** | Horizon Federal Credit Union | Director of IT and Facilities | DoIF | IT, Facilities | Witness: first hand knowledge/account of HFCU's non-compliance and CLO's reports | [redacted] |