# EXHIBIT E

**U.S. Department of Labor**

Occupational Safety & Health Administration
Philadelphia Regional Office
1835 Market Street
Mailstop OSHA-RO/19
Philadelphia, PA 19103-2968
Telephone: (215) 861-4900
Fax: (215) 861-4904

*Sent via email:* [redacted]*gmail.com &*
[redacted]*com*

January 30, 2026

Brittany Baker
[redacted]

Re: Horizon Federal Credit Union/Baker/301055479

Dear Brittany Baker:

This is to advise you we have completed our investigation of the above-referenced complaint filed by you (Complainant) against Horizon Federal Credit Union (Respondent) on June 11, 2025, under the Consumer Financial Protection Act of 2010 (CFPA), Section 1057 of the Dodd-Frank Wall Street Reform and Consumer Protection Act of 2010, 12 U.S.C.A. §5567 and the Sarbanes-Oxley Act (SOX), 18 U.S.C.A. §1514A. In brief, you alleged Respondent eliminated your position, failed to select you for the new Chief Relationship Officer position, and terminated your employment because you reported potential CFPA violations.

Following an investigation by a duly authorized investigator, the Secretary of Labor, acting through her agent, the Regional Administrator for the Occupational Safety and Health Administration (OSHA), Philadelphia Region, finds there is no reasonable cause to believe Respondent violated CFPA and SOX and issues the following findings:

**Secretary's Findings**

On or about March 20, 2025, Complainant contends she suffered an adverse employment action when she was informed her position would be eliminated and she was offered a demotion or voluntary resignation. On June 11, 2025, Complainant filed a complaint with the Secretary of Labor alleging that Respondent retaliated against her in violation of CFPA and SOX. As this complaint was filed within 180 days of the alleged adverse action, it is deemed timely.

On or about May 5, 2025, Complainant contends she suffered an adverse employment action when she applied for the new Chief Relationship Officer position and was not selected. On June 11, 2025, Complainant filed a complaint with the Secretary of Labor alleging Respondent retaliated against her in violation of the CFPA and SOX. As this complaint was filed within 180 days of the alleged adverse action, it is deemed timely.

On or about June 11, 2025, Complainant contends she suffered an adverse employment action when she was terminated. On June 11, 2025, Complainant filed a complaint with the Secretary of Labor

alleging that Respondent retaliated against her in violation of the CFPA and SOX. As this complaint was filed within 180 days of the alleged adverse action, it is deemed timely.

**CFPA**

Respondent is covered person or service provider within the meaning 12 U.S.C. §5567 and Complainant is an employee within the meaning of 12 U.S.C. §5567. Respondent is a credit union and Complainant had worked at the Chief Lending Officer. Complainant and Respondent are therefore covered under CFPA.

**SOX**

Respondent is not covered under the SOX because Respondent is neither a company, nor a contractor, subcontractor, officer, employee, agent, subsidiary, or affiliate of a company within the meaning of 18 U.S.C. §1514A in that the company does not have a class of securities registered under Section 12 of the Securities Exchange Act of 1934 (15 U.S.C. §78l) and/or it is not required to file reports under Section 15(d) of the Securities Exchange Act of 1934 (15 U.S.C. §78o(d)).

Also, Respondent is not covered under the SOX because Respondent is neither a nationally recognized statistical rating organization nor a contractor, subcontractor, officer, employee, agent, subsidiary, or affiliate of a nationally recognized statistical rating organization within the meaning of 18 U.S.C. §1514A.

Complainant is not covered under the SOX because Complainant is not an employee within the meaning of 18 U.S.C. §1514A.

Respondent, Horizon Federal Credit Union is not a publicly traded company, is not registered under section 12, does not file section 15(d) and does not have shareholders. While Respondent may have customers who are publicly traded, those publicly traded companies do not have influence on Respondent. Consequently, this complaint regarding the allegations filed under SOX is dismissed.

The available evidence indicates that the employer would have reached the same decision even in the absence of Complainant's protected activity. The evidence supports Complainant routinely reported potential violations during her tenure. However, the record also reflects significant concerns regarding Complainant’s interactions with other members of the leadership team and subordinate employees. In response, Respondent elected to restructure the executive leadership team to address the negative work environment. Rather than proceed with termination, Complainant was offered the option of a demotion or resignation and was provided sufficient time to make an informed decision.

As part of the restructuring, Complainant’s position and a different executive role were consolidated into a newly created Chief Relationship Officer position. Prior to posting the role, Complainant was advised she would not be considered due to concerns related to interpersonal skills and prior conduct. Despite being informed of concerns, Complainant applied for the position but was not selected.

Ultimately, Respondent terminated Complainant on June 11, 2025, following incidents of unprofessional conduct related to the removal of two coworkers occurring several days earlier.

Based on these circumstances, Respondent determined that ending the employment relationship was appropriate.

The evidence does not support that Complainant's protected activity was involved in the decisions to demote her, offer her voluntary resignation, not select her for the Chief Relationship Office position or terminate her. The evidence supports Complainant was terminated for her conduct following incidents related to the removal of two coworkers.

OSHA finds there is no reasonable cause to believe Respondent violated the Consumer Financial Protection Act of 2010 (CFPA), Section 1057 of the Dodd-Frank Wall Street Reform and Consumer Protection Act of 2010, 12 U.S.C.A. §5567. Consequently, the complaint is dismissed.

Respondent and Complainant have 30 days from the receipt of these Findings to file objections and to request a hearing before an Administrative Law Judge (ALJ). If no objections are filed, these Findings will become final and not subject to court review. Objections must be filed in writing with:

**PRIMARY:** OALJ-Filings@dol.gov

**Secondary method** (if unable to file via email):
Chief Administrative Law Judge
Office of Administrative Law Judges
U.S. Department of Labor
200 Constitution Ave NW
Room S-4325
Washington, DC 20210
Phone: (202) 693-7300
Fax: (202) 693-7365

*With copies to*:

Jessica Mazzeo, Esq.
Timothy McCarthy, Esq.
Jackson Lewis, P.C.
1601 Cherry Street
Suite 1350
Philadelphia, PA 19102
[redacted]com
[redacted]com

Regional Administrator
Occupational Safety & Health Administration
Philadelphia Regional Office
1835 Market Street
Mailstop OSHA-RO/19
Philadelphia, PA 19103-2968

In addition, please be advised that the U.S. Department of Labor does not represent any party in the hearing; rather, each party presents his or her own case. The hearing is an adversarial proceeding before an ALJ in which the parties are allowed an opportunity to present their evidence for the record. The ALJ who conducts the hearing will issue a decision based on the evidence and arguments presented by the parties. Review of the ALJ's decision may be sought from the Administrative Review Board, to which the Secretary of Labor has delegated responsibility for issuing final agency decisions under the Act. A copy of this letter has been sent to the Chief Administrative Law Judge along with a copy of your complaint.

The rules and procedures for the handling of CFPA and SOX cases can be found in Title 29 of the Code of Federal Regulations, Part 1985 (CFPA), 1980 (SOX) and may be obtained at www.whistleblowers.gov.

Sincerely,

Natalie Starks

Natalie Starks
Acting Assistant Regional Administrator
Occupational Safety and Health Administration
U.S. Department of Labor
Philadelphia Region

cc: Jennifer Nachamkin, - ([redacted]com) – Complainant Representative
Jessica Mazzeo, Esq. – ([redacted]com) – Respondent Representative
Chief Administrative Law Judge, USDOL
(CFPA)Consumer Financial Protection Bureau
(SOX)Securities & Exchange Commission