**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| BRITTANY BAKER,<br><br>Plaintiff<br><br>v.<br><br>HORIZON FEDERAL CREDIT UNION, JUSTIN HOWARD and MICHAEL PATTERSON<br><br>Defendants | : | No. 4:26-cv-02426-MWB |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR PARTIAL MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. PRO. 12(b)(6)**

Respectfully submitted,
**JACKSON LEWIS P.C.**
Timothy M. McCarthy, Esq. (PA 319308)
Jessica L. Mazzeo (PA No. 331227)
Three Parkway, Suite 1350
1601 Cherry Street
Philadelphia, PA 19102
T: (267) 319- 7802
timothy.mccarthy@jacksonlewis.com
jessica.mazzeo@jacksonlewis.com
*Attorneys for Defendants*

Dated: October 22, 2026

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ........ ii
I. INTRODUCTION ........ 1
II. PROCEDURAL HISTORY ........ 3
III. STATEMENT OF QUESTIONS INVOLVED ........ 3
IV. LEGAL ARGUMENT ........ 4
A. Standard of Review ........ 4
1. Federal Rule of Civil Procedure 12(b)(6) ........ 4
B. Plaintiff Fails to Plead with Sufficient Specificity the Alleged Conduct of Defendant Michael Patterson ........ 6
C. Count II of Plaintiff's Complaint Should Be Dismissed In Its Entirety Because Horizon is Not A Covered Entity Under SOX and Because Plaintiff Failed to Exhaust Her Administrative Remedies as to Howard and Patterson ........ 10
1. Horizon is Not a Covered Entity Under SOX ........ 11
2. Plaintiff Failed to Exhaust Her Mandatory Administrative Remedies as to Howard and Patterson ........ 14
D. Count III of Plaintiff's Complaint Should Be Dismissed For Failure to State a Claim ........ 17
V. CONCLUSION ........ 19

# TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal*,
556 U.S. 662, 679, 129 S. Ct. 1937,
173 L. Ed. 2d 868 (2009) .......... 4, 5, 6, 9, 10, 18
*Bell Atl. Corp. v. Twombly*,
550 U.S. 544, 555, 127 S. Ct. 1955, 1961 (2007) .......... 5, 6, 10, 17
*Bozeman v. Per-Se Techs., Inc.*,
456 F. Supp. 2d 1282, 1357 (N.D. Ga. 2006) .......... 15
*Christidis v. First Pa. Mortg. Tr.*,
717 F.2d 96, 99 (3d Cir. 1983) .......... 19
*City Select Auto Sales Inc. v. David Randall Assocs.*,
885 F.3d 154, 157 (3d Cir. 2018) .......... 8
*Connelly v. Lane Constr. Corp.*,
809 F.3d 780, 787 (3d Cir. 2016) .......... 4, 5, 18
*Corbin v. Bucks Cnty.*,
703 F. Supp.3d 527, 533 (E.D. Pa. 2023) .......... 6
*Dig. Realty Tr., Inc. v. Somers*,
583 U.S. 149, 162, 138 S. Ct. 767, 778 (2018) .......... 15
*Fleszar v. United States Dep't of Labor*,
598 F.3d 912, 915 (7th Cir. 2010) .......... 12
*Fowler v. UPMC Shadyside*,
578 F.3d 203, 210 (3d Cir. 2009) .......... 4, 18
*Fraser v. Fiduciary Tr. Co. Int'l*,
2005 U.S. Dist. LEXIS 48059, 2005 WL 6328596,
at *6 (S.D.N.Y. June 23, 2005) .......... 16
*Garrett v. Wexford Health*,
938 F.3d 69, 92-94 (3d Cir. 2019) .......... 6, 7
*Gibney v. Evolution Marketing Research, LLC*,
25 F. Supp. 3d 741, 747-48 (E.D. Pa. 2014) .......... 14
*Heller v. CACL Fed. Credit Union*,
775 F. Supp. 839, 840 (E.D. Pa. 1991) .......... 11
*Ingris v. Borough of Caldwell*,
2015 U.S. Dist. LEXIS 74255, 2015 WL 3613499,
at *5 (D.N.J. June 9, 2015) .......... 7
*Jones v. Southpeak Interactive Corp.*,
777 F.3d 658, 662 (4th Cir. 2015) .......... 16
*Langford v. Joyner*,
62 F.4th 122, 125 (4th Cir. 2023) .......... 6

*Lawson v. FMR LLC*,
571 U.S. 429, 453, 134 S. Ct. 1158, 1173 (2014) ........................................ 12, 14
*Phillips v. Cty. of Allegheny*,
515 F.3d 224, 234 (3d Cir. 2008) ..........................................................................18
*Pop v. LuliFama.com LLC*,
145 F.4th 1285, 1295 (2025) ..................................................................................19
*Reyher v. Thornton*,
262 F. Supp. 3d 209, 218-19 (E.D. Pa. 2017) .......................................................14
*Santiago v. Warminster Township*,
629 F.3d 121, 130-35 (3d Cir. 2010).........................................................................7
*Schuchardt v. President of the United States*,
839 F.3d 336, 347 (3d Cir. 2016) ............................................................................1
*Shaw v. Housing Auth. of Camden*,
2012 U.S. Dist. LEXIS 112655, 2012 WL 3283402,
at *2 (D.N.J. Aug. 10, 2012) ....................................................................................7
*Smith v. Psychiatric Solutions, Inc.*,
No. 3:08CV3/MCR/EMT, 2009 U.S. Dist. LEXIS 27608,
2009 WL 903624, at *8 (N.D. Fla. Mar. 31, 2009)
aff'd, 358 F. App'x 76 (11th Cir. 2009) .................................................................16
*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
551 U.S. 308, 319, 127 S. Ct. 2499, 2507 (2007) ...............................................19
*Tolliver v. Trinity Par. Found.*,
2017 U.S. Dist. LEXIS 121764, at *30 (D. Del. Aug. 2, 2017)...........................14
*Trzaska v. L'Oreal USA, Inc.*,
865 F.3d 155, 162 (3d Cir. 2017) ............................................................................5
*Warth v. Seldin*,
442 U.S. 490, 501 (1975) .........................................................................................1
*Wiest v. Lynch*,
15 F. Supp. 3d 543, 568 (E.D. Pa. 2014)...................................................... 14, 15
*Wiest v. Tyco Elecs. Corp.*,
*812 F.3d 319, 328 (3d Cir. 2016)*..........................................................................13
*Woodford v. Ngo*,
548 U.S. 81, 90, 126 S. Ct. 2378, 2386 (2006) ....................................................15
*Zafarana v. Pfizer Inc.*,
724 F. Supp. 2d 545, 552 (E.D. Pa. 2010).........................................................19

**Statutes**

12 U.S.C. § 1751 ....................11
12 U.S.C. § 1752a ....................11
12 U.S.C. § 1766(a) ....................11
18 USCS § 1514A .................... 11, 12, 14
29 C.F.R. § 1980.103 ....................15

**Other Authorities**

*In the Matter of: PHILIP KRISE, Complainant, vs. MANAGEMENT & TRAINING CORPORATION, Respondent*, 2011 DOLSOX LEXIS 48, CASE NO.: 2011-SOX-00025 ....................11

**Rules**

Fed. R. Civ. P. 8 .................... 6, 7, 17
Fed. R. Civ. P. 9 .................... 18, 19
Fed. R. Civ. P. 12(b)(6).................... 1, 4, 6

## I. INTRODUCTION[1]

Defendants Horizon Federal Credit Union ("Horizon"), Justin Howard ("Howard") and Michael Patterson ("Patterson") move to partially dismiss Plaintiff Brittany Baker's Complaint under Federal Rule of Civil Procedure 12(b)(6). The grounds for this Partial Motion to Dismiss are straightforward: (1) there are no facts sufficiently pled to bring *any* claims against Patterson; (2) Count II of the Complaint should be dismissed in its entirety because Horizon is not a covered entity under SOX and Plaintiff failed to exhaust her required administrative remedies against both Howard and Patterson; and (3) Count III of the Complaint should be dismissed in its entirety because it fails to give Defendants fair notice of the claims against them.

As to Patterson specifically, all counts against him should be dismissed. Apart from describing Patterson's position, the Complaint fails to identify a single fact attributed to Patterson's conduct and generally attributes conduct to "Defendants" as a group or specifically to Howard. The Complaint does not plead nonconclusory facts identifying Patterson's own conduct or connecting him to the elements of any claim.

[1] Defendants acknowledge the Court must accept Plaintiff's factual allegations as true for purposes of this motion only. *See Warth v. Seldin*, 442 U.S. 490, 501 (1975); *Schuchardt v. President of the United States*, 839 F.3d 336, 347 (3d Cir. 2016) ("presumption of truth attaches only to those allegations for which there is sufficient 'factual matter' to render them plausible on their face").

As to Count II of the Complaint, the Complaint does not plead facts plausibly establishing that Horizon falls within the entities and relationships covered by SOX. Plaintiff does not allege that Horizon has a class of securities registered under the Securities Exchange Act, is required to file reports under that Act, is a covered subsidiary or affiliate, or is a nationally recognized statistical rating organization. Instead, Plaintiff relies on her own conclusion that Horizon contracts with publicly traded companies. That is insufficient because the alleged whistleblowing concerns Horizon's own credit-union compliance practices, not fraud involving a public company in Horizon's performance of a qualifying contractor role (which Horizon is not). Second, Plaintiff does not plead that she exhausted her mandatory administrative remedies against Howard or Patterson. Although the Complaint generally alleges an OSHA proceeding, it does not allege that either individual defendant was named as a respondent or that an administrative retaliation claim was presented against either individual – because Plaintiff failed to do so. More pointedly, Plaintiff's two exhibits regarding her OSHA proceedings, clearly show that only Horizon was listed as a respondent.

Finally, as to Count III of the Complaint, Plaintiff does not identify whether her misrepresentation claim arises under federal or state law nor does it identify which form of misrepresentation Plaintiff intends to pursue and thus fails to state a claim upon which relief can be granted.

For these reasons and those detailed below, Counts II and III of Plaintiff's Complaint, along with all of Plaintiff's claims as to Michael Patterson, should be dismissed in their entirety, with prejudice.

## II. PROCEDURAL HISTORY

Plaintiff filed her Complaint on August 24, 2026 against all Defendants. (ECF No. 1.) On August 26, 2026, Plaintiff filed a Wavier of Service as to all Defendants, making their response to the Complaint due on or before October 23, 2026. (ECF No. 6.) Defendants now move to partially dismiss the Complaint.

## III. STATEMENT OF QUESTIONS INVOLVED

1. Should this Court dismiss with prejudice all claims made against Defendant Michael Patterson because Plaintiff's Complaint engages in improper group pleading and fails to plead with sufficient specificity the alleged conduct specifically attributed to Patterson in violation of Federal Rule of Civil Procedure 8(a)(2) and applicable case law?

**Suggested Answer: Yes.**

2. Should this Court dismiss with prejudice Count II of Plaintiff's Complaint in its entirety because (1) Defendant Horizon is not a covered employer under SOX and by extension Defendants Howard and Patterson are not covered persons and (2) Plaintiff failed to exhaust her required administrative remedies against Defendants Howard and Patterson?

**Suggested Answer: Yes.**

3. Should this Court dismiss with prejudice Count III of Plaintiff's Complaint in its entirety because the misrepresentation claim fails to state a claim upon which relief can be granted in violation of Federal Rules of Civil Procedure 8(a)(2) and 9(b) and applicable case law?

**Suggested Answer: Yes.**

## IV. LEGAL ARGUMENT

### A. Standard of Review

#### 1. Federal Rule of Civil Procedure 12(b)(6)

A court may grant a motion to dismiss an action under Federal Rule of Civil Procedure 12(b)(6) if the complaint "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When considering a Rule 12(b)(6) motion to dismiss, a court must "accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). After taking all the facts as true, the court then must determine "whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Id.* at 211 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S. Ct. 1937, 1950 (2009)).

To determine the sufficiency of a complaint, "a court . . . must take three steps." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). First, a

court must "tak[e] note of the elements a plaintiff must plead to state a claim." *Id.* (quoting *Iqbal*, 556 U.S. at 675). Second, the court must identify allegations that are merely legal conclusions "because they . . . are not entitled to the assumption of truth." *Id.* While a complaint need not assert detailed factual allegations, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Third, a court should assume the veracity of all well-pleaded factual allegations and "then determine whether they plausibly give rise to an entitlement to relief." *Connelly*, 809 F.3d at 787 (quoting *Iqbal*, 556 U.S. at 679).

In other words, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1961 (2007). In evaluating a motion to dismiss, "a court must consider no more than whether the complaint establishes 'enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary elements' of the cause of action." *Trzaska v. L'Oreal USA, Inc.*, 865 F.3d 155, 162 (3d Cir. 2017) quoting *Connelly*, 809 F.3d at 789 (citations omitted). "Although the plausibility standard 'does not impose a probability requirement,' it does require a pleading to show 'more than a sheer possibility that a defendant has acted unlawfully.'" *Connelly*, 809 F.3d at 786 (citations omitted). A complaint will "not withstand a

motion to dismiss if the facts alleged do not state 'a legally cognizable cause of action.'" *Iqbal*, 556 U.S. at 678-79 citing *Twombly*, 550 U.S. at 555-57.

### B. Plaintiff Fails to Plead with Sufficient Specificity the Alleged Conduct of Defendant Michael Patterson

As a preliminary matter, Plaintiff's Complaint engages in improper group pleading and fails to plead with sufficient specificity the alleged conduct specifically attributed to Patterson. Federal Rule of Civil Procedure 8(a)(2) requires a complaint to give each defendant fair notice of the claim asserted against it and the grounds upon which that claim rests. *See Twombly*, 550 U.S. at 555; *see also Langford v. Joyner*, 62 F.4th 122, 125 (4th Cir. 2023) ("The courts have reasoned that requiring specific factual allegations for each defendant gives fair notice to *that* defendant of the plaintiff's claim and the underlying factual support.") (emphasis in original). Under *Iqbal*, a plaintiff must plead sufficient factual matter to allow the Court to draw a reasonable inference that each particular defendant is liable for the misconduct alleged. 556 U.S. at 678. Rule 8's plain-statement requirement asks whether the pleading identifies discrete defendants and the actions taken by them. *Garrett v. Wexford Health*, 938 F.3d 69, 92-94 (3d Cir. 2019); *see also Corbin v. Bucks Cnty.*, 703 F. Supp.3d 527, 533 (E.D. Pa. 2023). A complaint that simply lumps multiple defendants together, attributes conduct to "Defendants" collectively, and fails to distinguish who allegedly did what does not satisfy Rule 8 or Rule 12(b)(6). *See Santiago v. Warminster Township*, 629 F.3d 121, 130-35 (3d Cir.

2010); Garrett, 938 F.3d at 92-94; *see also, e.g.*, *Ingris v. Borough of Caldwell*, 2015 U.S. Dist. LEXIS 74255, 2015 WL 3613499, at *5 (D.N.J. June 9, 2015)[2] ("[T]o the extent Plaintiff seeks to lump several defendants together without setting forth what each particular defendant is alleged to have done, he has engaged in impermissibly vague group pleading."); *Shaw v. Housing Auth. of Camden*, 2012 U.S. Dist. LEXIS 112655, 2012 WL 3283402, at *2 (D.N.J. Aug. 10, 2012)[3] (citations omitted) (dismissing complaint because it failed to contain allegations showing how each defendant was liable and noting that "[e]ven under the most liberal notice pleading requirements of Rule 8(a), a plaintiff must differentiate between defendants.").

This defect permeates Plaintiff's entire pleading as to Patterson. In Plaintiff's 183 paragraph Complaint, outside of identifying for this Court who Patterson is, Plaintiff has failed to plead a single fact attributed to Patterson regarding her retaliation and misrepresentation claims. *See generally* ECF No. 1. In addition, Plaintiff attached 27 exhibits to her Complaint, and yet again, there is almost no mention of Patterson in those exhibits.[4] To be sure, Patterson is only included in *four* factual paragraphs: Paragraph 6 identifying him as an adult individual residing in

---

[2] A true and correct copy of this decision is attached.

[3] A true and correct copy of this decision is attached.

[4] Patterson's *name* is in approximately three exhibits, although not in any one of those three exhibits are any allegations of misconduct or wrongdoing made related to Patterson. In fact, in two of those three exhibits, Patterson's name is included along with all of Horizon's leadership team as those exhibits were the meeting minutes of Horizon's leadership team.

Pennsylvania; Paragraph 7 listing Patterson's role with Horizon as Chief Branding Officer; Paragraph 8 stating that Patterson was the "chief manager of human resource functions and operations"; and Paragraph 9 that Patterson "collaborated" with Howard in decisions regarding Plaintiff. *Id*.

Further although the Complaint names three defendants, nearly every cause of action is asserted against all defendants in undifferentiated fashion, with only sparse factual allegations directed to any one defendant. Count I of the Complaint alleges collectively that "Defendants" knew of Plaintiff's protected activity and decided to reduce her performance scores, disregard her application for another position, and terminate her employment. *Id.* at ¶ 153. It then alleges, on information and belief, that Howard and Patterson were executives responsible for making and implementing personnel decisions. *Id.* at ¶ 154. Those allegations do not identify any decision Patterson made, any communication he issued, any action he directed, or any personnel measure he implemented. They merely place Patterson within a group and attribute the group's alleged conduct to him. Without facts connecting Patterson personally to an adverse action, Count I does not state a plausible claim against him. Count II is similarly deficient. Plaintiff alleges that Patterson may be held liable because he was an officer of Horizon. But statutory status itself does not establish that Patterson engaged in prohibited retaliation. *See City Select Auto Sales Inc. v. David Randall Assocs.*, 885 F.3d 154, 157 (3d Cir. 2018). The Complaint

alleges collectively that Plaintiff's protected activities contributed to "Defendants'" unfavorable personnel actions. It does not identify what Patterson knew, when he learned it, what action he took, or how his conduct affected Plaintiff's employment. These collective and conclusory allegations do not permit a reasonable inference that Patterson personally retaliated against Plaintiff. "A pleading is not sufficient if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 662, 678. And Count III of Plaintiff's Complaint fares no better as it attributes certain alleged representations regarding whistleblower protection only to Howard. ECF No. 1, ¶¶ 167-183. It does *not* identify any statement made by Patterson, when or where Patterson made it, its substance, or any action Plaintiff allegedly took in reliance on it. *Id.* The remaining allegations again refer to "Defendants" collectively, including the assertion that "Defendants" distributed or failed to honor Horizon's Whistleblower Policy. *Id.* Such allegations do not identify a representation by Patterson and therefore do not supply factual content supporting his liability.

The fact that Plaintiff's Complaint was pled in such intricate detail as to Horizon and Howard should leave this Court with no other conclusion than "if she was able to, she would have" as it pertains to Plaintiff providing the requisite substance to her claims against Patterson. But the fact of the matter is Plaintiff has no facts to support any of her claims against Patterson as evidenced in the barebones

references to Patterson in her Complaint.[5] This pleading failure independently warrants dismissal of all counts as to Patterson where the Complaint only offers to the Court that Patterson is employed by Horizon and is otherwise untethered to well-pleaded supporting facts. *See Iqbal*, 556 U.S. at 678-79; *Twombly*, 550 U.S. at 555-57.

### C. Count II of Plaintiff's Complaint Should Be Dismissed In Its Entirety Because Horizon is Not A Covered Entity Under SOX and Because Plaintiff Failed to Exhaust Her Administrative Remedies as to Howard and Patterson

Should the Court determine that it will allow Plaintiff time to amend her Complaint to plead facts sufficient to retain her claims against Patterson, the Court should nevertheless dismiss Count II of Plaintiff's Complaint in its entirety, against all Defendants, and with prejudice, for two distinct reasons: first, Horizon is not a covered entity under SOX and thus Plaintiff cannot bring claims against any defendant under that statute; and second, Plaintiff failed to exhaust her administrative remedies as to Howard and Patterson and as such the SOX claims against those two also fail as a matter of law.

[5] Defendants reserve their right to seek Rule 11 sanctions for the filing of this action against Patterson. Defendants cannot fathom any other reason for Plaintiff to bring these frivolous claims against Patterson other than an improper purpose meant to harass, embarrass or burden Patterson.

### 1. Horizon is Not a Covered Entity Under SOX[6]

Under federal law, the whistleblower protection provisions of the Sarbanes-Oxley Act ("SOX"), codified at 18 USCS § 1514A, do not apply to private, non-publicly traded entities. 18 USCS § 1514A; *In the Matter of: PHILIP KRISE, Complainant, vs. MANAGEMENT & TRAINING CORPORATION, Respondent*, 2011 DOLSOX LEXIS 48, CASE NO.: 2011-SOX-00025[7]. Specifically, a private credit union fails to meet the statutory criteria of an employer subject to SOX. *Id*.; *see also Heller v. CACL Fed. Credit Union*, 775 F. Supp. 839, 840 (E.D. Pa. 1991) (private credit unions are subject to the requirements of the Federal Credit Union Act, 12 U.S.C. § 1751 *et* seq.… NCUA is the agency empowered to enforce the Act and to make rules for its administration. 12 U.S.C. § 1752a; 12 U.S.C. § 1766(a).)

Under 18 USCS § 1514A(a), the statute applies to:

- Companies with a class of securities registered under Section 12 of the Securities Exchange Act of 1934 18 USCS § 1514A;
- Companies required to file reports under Section 15(d) of the Securities Exchange Act of 1934 18 USCS § 1514A;
- Any subsidiary or affiliate of such companies whose financial information is included in the consolidated financial statements of the parent company 18 USCS § 1514A; or
- Nationally recognized statistical rating organizations 18 USCS § 1514A.

---

[6] The Secretary also determined that Horizon was not a covered employer under SOX. *See* ECF No. 1 at Ex. E.

[7] A true and correct copy of this decision is attached.

SOX's prohibition against retaliation also extends to an officer, employee, contractor, subcontractor, or agent of such a company or rating organization. 18 USCS § 1514A. Here, Plaintiff's Complaint does not allege that Horizon has registered securities, is required to file reports under the Securities Exchange Act, is a subsidiary or affiliate whose financial information appears in a covered company's consolidated financial statements, or is a nationally recognized statistical rating organization. *See generally* ECF No. 1. Instead, Plaintiff alleges that Horizon is subject to SOX because it contracts with publicly traded companies. ECF No. 1, ¶ 156.

That conclusion does not establish coverage. The Supreme Court has recognized that "contractor" does not encompass every transitory business relationship. *Lawson v. FMR LLC*, 571 U.S. 429, 453, 134 S. Ct. 1158, 1173 (2014); *see also Fleszar v. United States Dep't of Labor*, 598 F.3d 912, 915 (7th Cir. 2010) ("contractor, subcontractor, or agent" under § 1514A does not mean "anyone who has *any* contract with an issuer of securities…. In context, "contractor, subcontractor, or agent" sounds like a reference to entities that participate in the issuer's activities.) In addressing SOX contractor coverage, the Supreme Court also identified as a limiting principle whether the asserted whistleblowing relates to the contractor's fulfillment of its role for a public company rather than conduct undertaken in some unrelated capacity. *Lawson*, 571 U.S. at 453. The Supreme Court

likewise explained that Congress sought to protect contractor employees who suspected fraud involving the public companies with which they worked. *Id*. at 449. Plaintiff's allegations do not fit that rationale. Her alleged reports concern *Horizon's* own alleged misconduct. Plaintiff's Complaint does not plead facts showing that her reports concerned fraud committed by a public company, fraud involving a public company, or misconduct arising from Horizon's performance of a defined contractor function for a public company. Plaintiff instead alleges that Horizon's regulatory violations could negatively affect companies with which Horizon contracts and, "by extension," their shareholders. ECF No. 1, ¶ 160. That assertion is conclusory. It does not identify the relevant public company, the pertinent contract, the services Horizon performed under that contract, or the connection between Plaintiff's reports and fraud affecting that company's shareholders. SOX protects reports concerning specified fraud offenses, securities-law violations, Securities and Exchange Commission rules, and federal laws relating to shareholder fraud. *Wiest v. Tyco Elecs. Corp., 812 F.3d 319, 328 (3d Cir. 2016)*. Allegations about Horizon's internal credit-union compliance failures do not become SOX claims merely because Horizon allegedly conducts business with publicly traded vendors or service providers.

Further, because Horizon is not a covered employer under SOX, by extension, claims against Howard and Patterson also fail as they are not employees or agents

of a covered employer.[8] *See Lawson*, 571 U.S. at 432-33, 453 (2014); *Gibney v. Evolution Marketing Research, LLC*, 25 F. Supp. 3d 741, 747-48 (E.D. Pa. 2014); *Reyher v. Thornton*, 262 F. Supp. 3d 209, 218-19 (E.D. Pa. 2017); *see also Tolliver v. Trinity Par. Found.*, 2017 U.S. Dist. LEXIS 121764, at *30 (D. Del. Aug. 2, 2017)[9] (holding § 1514A inapplicable as to all defendants where the employer was not covered under SOX).

Because the Complaint does not plead facts plausibly placing Horizon within SOX's purview, Count II should be dismissed against all Defendants.

**2. Plaintiff Failed to Exhaust Her Mandatory Administrative Remedies as to Howard and Patterson**

Should the Court find that Horizon is a covered entity under SOX, it should still dismiss Count II as to Howard and Patterson individually because Plaintiff failed to exhaust her administrative remedies as to those two individual defendants. Before an employee can assert a cause of action in federal court under SOX, the employee must file a complaint with the Occupational Safety and Health Administration ("OSHA") and afford OSHA the opportunity to resolve the allegations administratively. 18 U.S.C. § 1514A(b)(1)(A); *see also Khazin v. TD Ameritrade*

[8] The statutory text of 18 USCS § 1514A(a) prohibits publicly traded companies, as well as their officers, employees, contractors, subcontractors, or agents, from retaliating against employees who report suspected fraud. *Wiest v. Lynch*, 15 F. Supp. 3d 543, 568 (E.D. Pa. 2014).

[9] A true and correct copy of this decision is attached.

*Holding Corp.*, 773 F.3d 488, 491 (3d Cir. 2014); *Willis v. Vie Fin. Grp., Inc.*, 2004 U.S. Dist. LEXIS 15753, at *7 (E.D. Pa. Aug. 6, 2004)[10]. If the Secretary has not issued a final decision within 180 days and the delay is not attributable to the claimant's bad faith the claimant may proceed to federal court. *Jaludi v. Citigroup & Co.*, 57 F.4th 148, 151 (3d Cir. 2023). The federal-court "kick-out" provision therefore implicitly requires administrative exhaustion; a claimant may sue in federal court only *after* filing an administrative complaint. *See Jaludi*, 57 F.4th at 152 ("failure to file an administrative complaint before suing is a closer case"). The Supreme Court has likewise recognized that SOX contains an "administrative-exhaustion requirement." *Dig. Realty Tr., Inc. v. Somers*, 583 U.S. 149, 162, 138 S. Ct. 767, 778 (2018). Proper exhaustion requires use of the steps provided by the agency and to do so in a manner that gives the agency a fair and full opportunity to address the claim. *Woodford v. Ngo*, 548 U.S. 81, 90, 126 S. Ct. 2378, 2386 (2006). Additionally, OSHA's governing regulation permits an employee to file a complaint alleging retaliation by a covered person. 29 C.F.R. § 1980.103.[11] However, a Plaintiff must still exhaust their administrative remedies against individually named defendants, same as against the named employer. *See Bozeman v. Per-Se Techs., Inc.*, 456 F. Supp. 2d 1282, 1357 (N.D. Ga. 2006); *Smith v. Psychiatric Solutions,*

---

[10] A true and correct copy of this decision is attached.

[11] Under SOX, a "covered person" includes employees of subcontractors of companies covered by SOX. *Wiest*, 15 F. Supp. 3d at 569.

*Inc.*, No. 3:08CV3/MCR/EMT, 2009 U.S. Dist. LEXIS 27608, 2009 WL 903624, at *8 (N.D. Fla. Mar. 31, 2009) aff'd, 358 F. App'x 76 (11th Cir. 2009); *Fraser v. Fiduciary Tr. Co. Int'l*, 2005 U.S. Dist. LEXIS 48059, 2005 WL 6328596, at *6 (S.D.N.Y. June 23, 2005)[12]. At a minimum, the OSHA complaint must reference by name the individuals accused of retaliation in order to have exhausted administrative remedies as to those individuals. *See Jones v. Southpeak Interactive Corp.*, 777 F.3d 658, 662 (4th Cir. 2015) (holding that identifying individuals in the OSHA complaint as persons alleged to have violated the Act was enough and that "[n]othing more precise is required.")

Plaintiff alleges that she filed an OSHA complaint, amended her complaint, received an adverse determination, and requested an administrative hearing. ECF No. 1, ¶¶ 12-20. But she does not allege that her administrative complaints asserted claims against Howard or Patterson individually. *Id*. Nor does she allege that OSHA was asked to investigate or resolve whether either Howard or Patterson were personally liable for retaliation. *Id*. Most notably, Plaintiff attached both her OSHA complaint and amended OSHA complaint as exhibits to her Complaint, and both identify only Horizon as the respondent. ECF No. 1, Exs. A, C. Further, when describing her allegations in her OSHA complaints, Plaintiff fails to mention either Howard or Patterson by name and thus neither was put on notice of any such claim,

[12] A true and correct copy of this decision is attached.

or potential claim, against them. *Id*.

A general allegation that Plaintiff exhausted administrative remedies cannot substitute for facts showing exhaustion as to the parties she now seeks to hold individually liable. Because the Complaint does not plead that Plaintiff presented administrative claims against Howard or Patterson before suing them, Count II should be dismissed against both individual Defendants.

### D. Count III of Plaintiff's Complaint Should Be Dismissed For Failure to State a Claim

Count III of Plaintiff's Complaint purports to assert a claim for "misrepresentation" against all Defendants. ECF No. 1, ¶¶ 167-183. But the Complaint does not identify whether that claim arises under federal law, Pennsylvania law, or some other source of law. Nor does it identify which form of misrepresentation Plaintiff intends to pursue. That ambiguity deprives Defendants of fair notice, prevents the Court from identifying the governing elements, and makes it impossible to determine whether the allegations plausibly state a claim upon which relief can be granted and thus should be dismissed.

Rule 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Pro. 8. Although detailed factual allegations are unnecessary, a complaint must give the defendant fair notice of the claim and the grounds on which it rests. *Twombly*, 550 U.S. 544, 555 (2007). Labels, conclusions, and a formulaic recitation of elements do not satisfy

that requirement. *Iqbal*, 556 U.S. 662, 677 (2009). A complaint that fails to specify the statutory or common law basis (whether state or federal) of a misrepresentation claim risks dismissal because it does not sufficiently identify the "grounds" upon which the claim rests, preventing a defendant from formulating a proper defense. Fed. R. Civ. Pro. 8; *Connelly*, 809 F.3d at 786. Count III of Plaintiff's Complaint does not meet this standard. Plaintiff labels the claim "misrepresentation" but does not identify its source, nature, or governing elements. ECF No. 1, ¶¶ 167-183. A bare claim label does not tell any of the named Defendants whether Plaintiff alleges a violation of a federal statute, common-law fraud, negligent misrepresentation under Pennsylvania law, or another theory. Each potential theory may present different elements and defenses. Without knowing which claim is asserted, Defendants cannot frame a meaningful response, and the Court cannot determine whether the pleaded facts satisfy the applicable elements. The defect is substantive, not merely formal. Rule 8 requires Plaintiff's Complaint to show an entitlement to relief, not merely announce a claim label. *Fowler*, 578 F.3d at 211; *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008). Because Count III leaves both the Court and Defendants to select among possible legal theories, it does not provide fair notice of the grounds on which relief is sought.

To the extent Count III sounds in fraud, it also fails Rule 9(b) which requires the circumstances constituting fraud or mistake to be pleaded with particularity.

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 319, 127 S. Ct. 2499, 2507 (2007). That requirement applies to fraud claims arising under either federal or state law. *Christidis v. First Pa. Mortg. Tr.*, 717 F.2d 96, 99 (3d Cir. 1983). Whether Rule 9(b) applies turns on the factual allegations underlying the claim, not merely the label the plaintiff assigns to it. *Zafarana v. Pfizer Inc.*, 724 F. Supp. 2d 545, 552 (E.D. Pa. 2010) (citations omitted). The failure to identify the governing legal theory further compounds the problem. Plaintiff cannot avoid Rule 9(b) by leaving unclear whether the count alleges intentional fraud, negligent misrepresentation, or an unidentified statutory violation. When the allegations themselves sound in fraud, the heightened pleading standard applies regardless of how the claim is styled. *Pop v. LuliFama.com LLC*, 145 F.4th 1285, 1295 (2025).

Accordingly, the Court should dismiss in its entirety Count III of Plaintiff's Complaint. Further, any amendment should be required to identify the federal or state-law basis for the claim, state the governing theory separately, and plead the supporting facts with the specificity required by the rules.

## V. <u>CONCLUSION</u>

Plaintiff's Complaint fails at many turns and thus warrants dismissal in part: no plausible facts against Patterson, no viable claims under SOX and no fair notice regarding her misrepresentation claim. For the foregoing reasons, Defendants Horizon Federal Credit Union, Justin Howard and Michael Patterson hereby

respectfully move for this Court to enter an order dismissing all claims against Patterson, and dismissing Counts II and III, with prejudice and awarding Defendants any other relief it deems necessary.

Respectfully submitted,
**JACKSON LEWIS P.C.**

***/s/ Jessica L. Mazzeo***

Timothy M. McCarthy, Esq. (PA 319308)
Jessica L. Mazzeo (PA No. 331227)
Three Parkway, Suite 1350
1601 Cherry Street
Philadelphia, PA 19102
T: (267) 319- 7802
timothy.mccarthy@jacksonlewis.com
jessica.mazzeo@jacksonlewis.com
*Attorneys for Defendants*

Dated: October 22, 2026