LexisNexis®

**User Name:** Jessica Mazzeo
**Date and Time:** Wednesday, October 21, 2026 10:08 PM EDT
**Job Number:** 299646625

## Document (1)

1. In the Matter of: PHILIP KRISE, Complainant, vs. MANAGEMENT & TRAINING CORPORATION Respondent., 2011 DOLSOX LEXIS 48, CASE NO.: 2011-SOX-00025

**Client/Matter:** 669407
**Search Terms:** CASE NO.: 2011-SOX-00025
**Search Type:** Natural Language
**Narrowed by:**

| Content Type | Narrowed by |
|---|---|
| | -None- |

# 2011 DOLSOX LEXIS 48

U.S. Department of Labor, Office of Administrative Law Judges

June 17, 2011

CASE NO.: 2011-SOX-00025

***Department of Labor Sarbanes-Oxley Act Decisions***

**Reporter**
2011 DOLSOX LEXIS 48 *

## In the Matter of: PHILIP KRISE, Complainant, vs. MANAGEMENT & TRAINING CORPORATION, Respondent.

## Appealed-*Case*

## Core Terms

company, complaint, was, required to file, register, prison

**Panel:** By JENNIFER GEE, Administrative Law Judge

## Action

**[*1]**

ORDER GRANTING MOTION FOR SUMMARY DECISION

## Opinion

INTRODUCTION

This matter arises out of a retaliation complaint filed by the Complainant, Philip Krise, who alleges that his employer, Management & Training Corporation, Respondent, violated the employee protection provisions of Section 806 of the Corporate and Criminal Fraud Accountability Act of 2002, Title VIII of the Sarbanes-Oxley Act of 2002, 18 U.S.C. Â§ 1514A, *et seq.*, ("Sarbanes-Oxley" or "SOX"), by giving him a written reprimand after he reported contractual and work order fraud. This proceeding was initiated on February 7, 2011, when the Complainant asked for a hearing before the Office of Administrative Law Judges ("OALJ") after the Occupational Safety and Health Administration ("OSHA") dismissed his complaint.

For the reasons set forth below, the Complainant's complaint is DISMISSED.

BACKGROUND [1]

**[*2]**

The Complainant is a boiler operator/inmate supervisor with the Respondent at a Federal prison facility in Taft, California. He started working there on October 28, 2008. The Respondent has a contract with the Federal government to provide services at the prison facility. In or about June 2010, the Complainant submitted a letter to the Office of the Inspector General [2] ("IG") alleging contract fraud and sent a copy to the Respondent's corporate headquarters. The Complainant's complaint, Exhibit 1 of his OSHA Complaint, included various allegations concerning the improper repair and maintenance of boilers at the prison facility, a hostile work environment, concerns about Mark Mallory and Jim Frye, two employees at the facility, and safety concerns about the operations of the prison.

Respondent responded to the Complainant's letter on August 11, 2010, informing him that they had reviewed the information he provided and that they considered the matter resolved. On November 24, 2010, Respondent attempted to get the Complainant's signature on a reprimand, but the Complainant **[*3]** refused to sign the reprimand.

The Complainant filed a complaint with the OSHA office in San Francisco on December 5, 2010, alleging that the reprimand was in reprisal for his complaint to the IG's office. OSHA conducted an investigation into the Complainant's complaint and issued a determination on January 27, 2011, dismissing his complaint. OSHA advised the Complainant that the Respondent is not a company within the meaning of 18 U.S.C. Â§ 1514A because it neither has a class of securities registered under Section 12 of the Securities Exchange Act of 1934, 15 U.S.C. Â§ 781, nor is it required to file reports under Section 15(d) of the Securities Exchange Act of 1934, 15 U.S.C. Â§ 78o(d). OSHA informed the Complainant of his right to request for a hearing before the OALJ.

The Complainant filed a timely request for a hearing with OALJ office in Washington, D.C. on February 7, 2011. This ***case*** was referred to the San Francisco OALJ office, and on February 10, 2011, I scheduled this ***case*** for a hearing in Bakersfield, California on June 28, 2011. On May 23, 2011, Respondent filed **[*4]** a Motion for Summary Decision ("Motion") asking that this action be dismissed for lack of jurisdiction. I conducted a telephone conference call with the parties on May 27, 2011, to discuss the motion and the hearing. I advised the parties that I was vacating the hearing and would rescheduled it in the event the Motion was denied. I ordered the Complainant to respond to the Motion by June 13, 2011. The Complainant filed his opposition to the Motion on June 8, 2011.

DISCUSSION

Applicable Law

Under the Code of Federal Regulations and the Federal Rules of Civil Procedure, an administrative law judge may grant a motion for summary decision if the pleadings, affidavits, material obtained by discovery, or other materials show that there is ***no*** genuine issue of material fact and the moving party would win as a matter of law. 29 C.F.R. Â§ 18.40; Fed. R. Civ. P. 56(c).

Once the moving party meets its initial burden, a nonmoving party must go beyond the pleadings and by affidavits, depositions, answers to interrogatories, and admissions on file, come forth with specific facts to show that a genuine issue of material fact exists and that a reasonable jury could return a verdict for the **[*5]** nonmoving party. *Reynolds v. County of San Diego, 84 F.3d 1162 (9th Cir. 1996)*. Section 18.40(c) provides that "[w]hen a motion for summary decision is made and supported" by the appropriate evidence, the "party opposing the motion may not

---

[1] This background discussion is based on statements made in the Complainant's complaint to OSHA, statements in the OSHA determination, and Respondent's motion for summary decision. For the purposes of this ruling, I am treating the Complainant's representations as true.

[2] The Complainant did not indicate in his complaint which Office of the Inspector General he communicated with.

rest upon the mere allegations or denials of such pleading[, but] must set forth specific facts showing that there is a genuine issue of fact for the hearing." 29 C.F.R. Â§ 18.40(c).

The plaintiff must do more than establish a *prima facie* ***case*** and deny the credibility of the defendant's witnesses to defeat a motion for summary decision. *Wallis v. J.R. Simplot Co., 26 F.3d 885 (9th Cir. 1994)*. Finally, in reviewing a request for summary decision, evidence and inferences must be viewed in the light most favorable to the nonmoving party. Anderson v. Liberty Lobby, 477 U.S. 262 (1986).

Section 806 of the Sarbanes-Oxley Act, as amended, 18 U.S.C.A. Â§ 1514A(a), reads in relevant part:

> (a) *Whistleblower protection for employees of publicly traded companies.* ***No*** company with a class of securities registered under section **[*6]** 12 of the Securities Exchange Act of 1934 (*15 U.S.C. 78l*), or that is required to file reports under section 15(d) of the Securities Exchange Act of 1934 (*15 U.S.C. 78o(d)*), . . . including any subsidiary or affiliate whose financial information is included in the consolidated financial statements of such company, . . . or any officer, employee, contractor, subcontractor, or agent of such company, . . . may discharge, demote, suspend, threaten, harass, or in any other manner discriminate against an employee in the terms and conditions of employment because of any lawful act done by the employee -
>
> > (1) to provide information . . . regarding any conduct which the employee reasonably believes constitutes a violation of section 1341, 1343, 1344, or 1348, any rule or regulation of the Securities and Exchange Commission, or any provision of Federal law relating to fraud against shareholders . . .

To prevail on the merits of a Section 806 ***case***, a covered employee must prove by a preponderance of the evidence that he or she, inter alia, suffered an unfavorable personnel action by a covered company. 49 U.S.C.A. Â§ 42121; **[*7]** 18 U.S.C.A. Â§ 1514A(b)(2)(C). Therefore, as a threshold matter, to avail himself of the SOX whistleblower protections, the Complainant must demonstrate that the Respondent is a covered company under Section 806, i.e., a company "with a class of securities registered" under the Securities Exchange Act, or that is "required to file reports" under the Act. 18 U.S.C.A. Â§ 1514A(a).

<u>Respondent Is Not Covered by Sarbanes-Oxley</u>

Respondent asserts in the Motion that it is not a covered "company" within the meaning of 18 U.S.C. Â§ 1514A. Specifically, it states that it never registered a class of securities under Section 12 of the Securities Exchange Act of 1934, 15 U.S.C. Â§ 781, nor is it required to file reports under Section 15(d) of the Securities Exchange Act of 1934, 15 U.S.C. Â§ 78o(d). Accompanying the Motion was a declaration from Lyle Parry, the Senior Vice President and Chief Financial Officer for the Respondent, stating that Respondent is a privately held company and reiterating that Respondent **[*8]** has never registered a class of securities under section 12 of the Securities Exchange Act of 1934 or been required to file reports under the Securities Exchange Act of 1934.

In response, the Complainant urges that the Motion be denied. He argues that Respondent is a corporation doing business with the Federal government under a service contract which provides that if there is any conflict of local, state or federal law, the stricter interpretation is used. He also asserts that Respondent gave up their protection under SOX to compete for the contract.

The Complainant submitted excerpts from the Respondent's employee handbook and the Taft Correctional Institution Policy relating to Standards of Conduct for Employees with portions highlighted. The Complainant's excerpt from the Standards of Conduct simply requires that misconduct shall be handled in accordance with procedures defined by the Bureau of Prisons and sets out the Bureau of Prison's procedures in the event it feels action is warranted. The second enclosure merely includes language that Federal contracting laws and regulations might subject the Respondent to additional requirements that are not required of companies that do **[*9]** not have extensive government contracts. This excerpt does not identify what the additional requirements might be and does not refer to SOX. The remaining documents merely relate to Respondent's employee standards of conduct, its procedures for handling claims of fraud, waste, or abuse, and its disciplinary procedure.

In his opposition to the Motion, the Complainant does not dispute Respondent's assertion that it has not registered a class of securities or been required to file reports under the Securities Exchange Act of 1934. Those are the criteria that determine coverage under SOX. Thus, there is ***no*** material dispute as to this fact. Though the Complainant submitted an excerpt from Respondent's materials which include statements that it may be subject to additional requirements that are not required of companies that do not have extensive government contracts, those materials do not establish that those "additional" requirements include the Sarbanes-Oxley Act.

The Sarbanes-Oxley Act was very specific as to what companies are covered. As a privately held company, the Respondent is not a company covered by the Sarbanes-Oxley Act. *Field v. BKD, LLP and BKD Corporation Finance, LLC,* **[*10]** 2009-SOX-046, ARB ***No***. 09-136 (ARB May 27, 2011). While the Complainant's actions might be protected by whistleblower protections of other Federal statutes or regulations, they are not protected by Sarbanes-Oxley.

Because Respondent is not a covered "company" within the meaning of 18 U.S.C. Â§ 1514A, the whistleblower protection provisions of the Sarbanes-Oxley Act do not apply here, and the Complainant's complaint is DISMISSED.

Department of Labor Sarbanes-Oxley Act Decisions

---

End of Document